The Honorable V.O. "Butch" Calhoun State Representative P.O. Box 7 Des Arc, AR 72040-0007
Dear Representative Calhoun:
This is in response to your request for an opinion regarding Act 508 of 1991 ("The Local Government Lease Act of 1991"), which is codified at A.C.A. §§ 14-76-101 et seq. (Cum. Supp. 1991). Your question is stated as follows:
 We have been told that once the Quorum Court appropriates funding for such a project that those monies will be available until the project is completely paid for. It is our reading of § 14-76-104, however, that this appropriation can be made (or not made) on a year-to-year basis. Could you please give us an opinion on whether the appropriations for such a project are made one time or are made on a year to year basis.
If the county in question would, by such a "one time" appropriation, be agreeing to pay a contract made in one year out of a succeeding year's revenues, such an agreement would be contrary to Article 12, Section 4 of the Arkansas Constitution, which states in relevant part that:
 [t]he fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk or other county officer, sign or issue any scrip, warrant or make any allowance in excess of the revenue from all sources for the current fiscal year. . . .
See generally Goodwin v. State, 235 Ark. 457,360 S.W.2d 490 (1962); Stanfield v. Friddle, 185 Ark. 873, 50 S.W.2d 237,490 (1932).
It must be noted, however, that the question of whether Act 508 authorizes contracts and indebtedness in excess of current fiscal year revenues has been raised in litigation pending in the Chancery Court of Arkansas County. (Brown v. City of Stuttgart,et al., Case No. E-91-302.) I cannot, consistent with my long-standing policy of not issuing opinions on matters in litigation, offer an interpretation of this aspect of Act 508. It is my understanding that this case is scheduled for trial in December.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh